1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

VICTOR RENARD CYRUS,

12

Plaintiff,

13

v.

14

PATRICK COVELLO, *et al.*,

15

Defendants.

Case No.  2:23-cv-01384-JDP (PC)

SCREENING ORDER FINDING THAT
THE AMENDED COMPLAINT STATES A
COGNIZABLE FIRST AMENDMENT
RETALIATION CLAIM AGAINST
DEFENDANTS QUIRING,
BUSTAMANTE, YOUNG, AND WINKLER

ECF No. 8

ORDER GRANTING PLAINTIFF'S
SECOND APPLICATION TO PROCEED *IN
FORMA PAUPERIS* AND DENYING HIS
FIRST AS MOOT

ECF Nos. 5 & 9

16

17

18

19

20

21           Plaintiff, a state prisoner, alleges that defendants Quiring, Bustamante, Young, and

22    Winkler violated his First Amendment rights by retaliating against him for filing a staff complaint

23    against Quiring.  ECF No. 8 at 3-8.  These allegations are sufficient to proceed past screening.

24    Plaintiff also alleges that defendants' retaliation violates his Eighth Amendment rights.  *Id.* at 11-

25    12.  Those claims are inadequate to proceed.  Thus, plaintiff must choose to proceed only with his

26    First Amendment claims or to delay serving any defendant and file another amended complaint.  I

27    will also grant plaintiff's most recent application to proceed *in forma pauperis*, ECF No. 9, and

28    deny his first, ECF No. 5, as moot.

1

1

**Screening Order**

2

**I.        Screening and Pleading Requirements**

3            A federal court must screen a prisoner's complaint that seeks relief against a governmental

4    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17   n.2 (9th Cir. 2006) (en banc) (citations omitted).

18           The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

2

## II.     Analysis

Plaintiff's First Amendment allegations against defendants Quiring, Bustamante, Young, and Winkler are suitable to proceed.  Plaintiff also alleges, however, that the retaliation, none of which appears to have resulted in physical injury or physical attacks on his person, violated his Eighth Amendment rights.  ECF No. 8 at 11-12.  The Eighth Amendment claims cannot proceed absent some physical injury.  *See* 42 U.S.C. § 1997e(e) (no Federal civil action may be brought by a prisoner for mental or emotional injury only).  Plaintiff's allegation that the retaliation has caused him "anxiety, insomnia, depression, [and] hopelessness," ECF No. 8 at 12, is insufficient to state an Eighth Amendment claim.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (quotation marks omitted).

Plaintiff may either proceed only with his First Amendment claims or he may delay service and amend his complaint.  He is advised that the amended complaint will supersede the current one.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Within thirty days of service of this order, plaintiff may either indicate his intent to proceed only with his cognizable First Amendment claims or file an amended complaint.  If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 9, is GRANTED and its predecessor, ECF No. 5, is DENIED as moot.

IT IS SO ORDERED.


Dated:    ___December 5, 2023___                    _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE